UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Maurice Henoud, | ) C/A No. 4:13-1308-MGL-TER |
| | ) |
| Petitioner, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Warden, FCI-Bennettsville, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. This case

is before the undersigned United States Magistrate Judge for consideration of Petitioner's Motion

to Transfer, ECF No. 9, as well as for consideration of his compliance with the Court's initial Order

in this case. ECF No. 19. Petitioner has now paid the filing fee. Receipt No. SCX400009019; ECF

No. 23.

Following completion of this Court's initial review of the Petition submitted in this case, but

before the issuance of the initial Order, Petitioner submitted a Motion to Transfer Pleadings

("Motion") along with a notice of change of address. ECF Nos. 8, 9. At the time this case was filed,

Petitioner was incarcerated at FCI-Bennettsville, in Bennettsville, South Carolina, which is located

within the territorial jurisdiction of this Court. In his Motion, he informed the Court that he is now

incarcerated at the Federal Low Security Correctional Institution at Butner, North Carolina. Butner

is within the territorial jurisdiction of the United States District Court for the Eastern District of

North Carolina.

There is authority that under these circumstances, transfer is appropriate because the

appropriate respondent is one who has custody or control of the Petitioner. A § 2241 petition or a

§ 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire in personam jurisdiction of a petitioner's warden or other custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *Anderson v. Drew*, 2009 WL 1458214 (D.S.C. May 21, 2009)(same); *see Norris v. Georgia*, 522 F.2d 1006, 1010-14 & nn. 7-15 (4th Cir. 1975)( "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.' ").[1] As a result, this case should be transferred to the United States District Court for the Eastern District of North Carolina for further processing.

## RECOMMENDATION

Accordingly, it is recommended that the United States District Court of South Carolina grant Petitioner's Motion and transfer this case to the United States District Court for the Eastern District of North Carolina.

Petitioner's attention is directed to the notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 11, 2013
Florence, South Carolina

---

[1] *But see United States v. Edwards*, 27 F.3d 564 (4th Cir.1994) (table; unpublished).

2